Original,
No. 5787.

## Donovan's Case.

Submitted June 6, 1968.
Decided June 28, 1968.

*William F. Harrington,* President of the New Hampshire Bar Association, *pro se.*

*Verdi McKay* for Daniel E. Donovan, Jr.

Kenison, C. J. Petition, filed in this court by William F. Harrington, in his capacity as President of the New Hampshire Bar Association, praying that Daniel E. Donovan, Jr. of Winchendon, Massachusetts be removed from office as an attorney pursuant to RSA 311:8. On August 24, 1954, Daniel E. Donovan, Jr. was admitted to practice as an attorney in this state ( RSA 311:2 ), at which time he took and subscribed his oath of office. RSA 311:6.

The facts are not disputed. Pertinent parts of the petition read as follows:

"4. That the above named Daniel E. Donovan, Jr., on Monday, April 29, 1968 in Merrimack County Superior Court pleaded Guilty to an information filed by the County Attorney for said County charging the said Daniel E. Donovan, Jr., with embezzlement of Two Thousand ( $2,000.00 ) Dollars from the Estate of Alice Tremblay, Ten Thousand Nine Hundred Seventy Nine Dollars and Sixty One Cents ( $10,979.61 ) from the Estate of Arthur Tremblay and Nine Thousand Two Hundred Forty Eight Dollars and Ninety Cents ( $9,248.90 ) from the Estate of Arthur Langlois.

"5. On Monday, April 29, 1968, New Hampshire Superior Court Judge George R. Grant, Jr., sentenced the said Daniel E. Donovan, Jr., to the New Hampshire State Prison for three different concurrent terms of not less than one year and one day and not more than five years; that the said Daniel E. Donovan, Jr., is now serving his sentence . . . ."

"7. That while the said Daniel E. Donovan, Jr., was never a member of the New Hampshire Bar Association, the New Hampshire Bar Association is authorized and accredited by the New Hampshire Supreme Court to bring these proceedings." See Laws 1873, ch. 115; Laws 1967, ch. 521.

The misappropriation or embezzlement of clients' funds by an attorney demonstrates such lack of common honesty as to clearly justify an attorney's disbarment. *Delano's Case*, 58 N. H. 5. The conduct of the attorney in this case is a gross violation of professional ethics and unquestionably demonstrates his unfitness to be a member of the Bar. *Barnard's Case*, 101 N. H. 141; *Sturr* v. *State Bar of California*, 52 Cal. 2d 125. See *Harrington's Case*, 100 N. H. 243, 244; *Donovan's Case*, 108 N. H. 34. The attorney is forthwith disbarred as a member of the Bar of this state and is removed from office. RSA 311:8; Annot. 43 A.L.R. 54.

*So ordered.*

All concurred.